IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
~~ABERDEEN~~ DIVISION    SEP - 6 2016

DAVID CREWS, CLERK
BY _____
Deputy

Freddie W. Fowler, )
)
Plaintiff, )
)
)    Case No. 1:16 CV160-NBBDAS
v. )
)
OMNOVA SOLUTIONS; )
OMNOVA Solutions Consolidated )
Pension Plan; )
)
Defendant. )

## COMPLAINT

This action is brought to compel arbitration of a claim for pension benefits. The pension plan provides that disputed benefits will be submitted to final and binding arbitration. Alternatively, if the Court finds that arbitration is not appropriate, the Plaintiff seeks recovery of benefits due from the pension plan pursuant to the Employee Retirement Income Security Act ("ERISA").

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq* , and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.*, including 29 U.S.C. § 1132(e).

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the claim is brought pursuant to federal law.

## THE PARTIES

3.    The Plaintiff, Freddie W. Fowler, is an individual over the age of nineteen (19) years and is resident of Lowndes County, Mississippi.  He was a worker at the OMNOVA Solutions facility in Columbus, Mississippi, and remains an employee. One of the benefits Plaintiff earned by employment at Omnova is a pension.  The Defendant OMNOVA Solutions Consolidated Pension Plan is the "Pension Plan" which provides pension benefits to plaintiff.

4.    The Defendant, OMNOVA Solutions Consolidated Pension Plan, is an employee benefit pension plan as defined in ERISA 29 U.S.C. § 1002(2).  The Plan may be found in this judicial district.  The Plan is administered, in part, in this judicial district. The breaches which are alleged to have occurred were in this district.

5.    OMNOVA Solutions, Inc. is the Plan Sponsor.

## THE PLAN

6.    The Plaintiff is an employee of Omnova Solutions, Inc.  One of the benefits Plaintiff earned by employment at Omnova was a pension.

7.    Contributions to the Pension Plan are made by Omnova Solutions, Inc. All liabilities of the Pension Plan, including the liability to completely fund all pensions provided by the Pension Plan, is a liability of Omnova Solutions, Inc.

2

8.     Because Omnova Solutions, Inc., has the financial responsibility to fund all pension benefits provided for by the Pension Plan, Omnova Solutions, Inc., has a direct economic interest in the costs of the Plan.

9.     The Defendant Plan is wholly controlled by Omnova Solutions, Inc. The Plaintiffs allege, upon information and belief, that all decision makers of the Defendant are employed by Omnova Solutions, Inc., or are otherwise economically dependent upon Omnova Solutions, Inc. for their livelihood.

10.    The Plan provides various forms of benefits.  For example, the Plan provides a normal retirement benefit, an early retirement benefit, and a special early retirement benefit. The specific benefit to which an employee is entitled is based, in part, upon years of service and the age of the participant.

11.    The Plan provides that disputes regarding benefit claims will be resolved by final and binding arbitration.

12.    Fowler has a vested benefit in the Plan.

## FACTUAL ALLEGATIONS

13.    Plaintiff Fred Fowler ("Fowler") has been continuously employed at Omnova Solutions since on or about October 11, 1976.

3

14.    The Plaintiff and other employees at the facility began a lawful economic strike against Omnova Solutions on are about May 15, 2010.    Fowler has not returned to the facility since that date.

15.    Fowler filed a claim for the "special early retirement" form of benefit with the Pension Plan in 2012.  The Pension Plan denied his claim for special early retirement benefit, and Fowler appealed.

16.    Fowler filed suit in this Court to obtain benefits. *Freddie W. Fowler, et al v. Omnova Solutions Consolidated Pension Plan*, 1:13CV118-SA-DAS.

17.    The matter was subsequently submitted to binding arbitration.

18.    The arbitration proceeding addressed whether Fowler and the other plaintiff were eligible for the special early retirement benefit.

19.    Fowler was denied special early retirement benefit but his co-plaintiff, Mickal R. Mordecai, was awarded benefits.

20.    The crucial distinction the arbitrator found between Fowler and Mordecai was that Mordecai had 34 years of service at the time the economic strike began while Fowler only had 33 years of service.

21.    The arbitrator found that both individuals remained employees as defined by the Plan after the strike began and found that they remained employees for purposed of determining age for pension benefits even after they no longer went to the facility each day.

22. The arbitrator found that Fowler, while he met the age requirement for benefits, did not meet the service requirement and benefits were therefore denied.

23. The Plan also has another form of benefit available, Regular Early Retirement Benefits. Fowler filed an application for Regular Early Retirement benefits. Regular Early Retirement Benefits are payable to an employee after he or she reaches 55 years of age and 30 years of credited service. Under the Award of the Arbitrator, Fowler remained an employee and therefore met the age, years of service, and other criteria for a Regular Early Retirement Benefit.

24. The Plan denied the benefit. Fowler appealed, and the appeal was denied on or about February 2, 2016.

25. Fowler demanded arbitration of the denial of benefits and the Plan has refused to arbitrate the dispute.

26. The Pension Plan has failed to provide benefits to Plaintiff as provided in the Plan, despite a proper claim having been submitted in a timely manner.

27. The decision to deny benefits was contrary to the provisions of the Plan.

28. The decision was an abuse of any discretion the Defendant may have in resolving claims.

29. The Plaintiff has exhausted all administrative remedies available.

## COUNT I
### Demand for Arbitration

30.     Plaintiff incorporates the contents of paragraphs 1 through 30 of this complaint as if set forth here in their entirety.

31.     This claim is asserted pursuant to 29 U.S.C. § 1132(a)(3) and 9 U.S.C. § 4.

32.     The Plan provides that disputes regarding payment of benefits will submitted to final and binding arbitration.  The Defendant has refused to arbitrate the dispute despite the fact that Plaintiff has exhausted his administrative remedies and has properly demanded arbitration.

WHEREFORE, Plaintiff requests this Court enter a compelling arbitration in accordance with terms of the Plan, attorney fees, and such other relief as this Court deems appropriate.

## COUNT II
### CLAIM FOR BENEFITS

33.     Plaintiff incorporates the contents of paragraphs 1 through 38 of this complaint as if set forth here in their entirety.

34.     This Claim is asserted alternatively to the demand for arbitration.

35.     This claim is asserted pursuant to 29 U.S.C. § 1132(a)(1).

36.     Plaintiff is entitled to a Regular Early Retirement benefits as defined by the Plan.  Benefits were denied to him in violation of the provisions of the Plan. The denial of benefits was an abuse of any discretion the Defendant may have in determining claims for benefits.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, actual and compensatory, injunctive relief, attorney fees, and such other relief as this Court deems appropriate.

/s/ Roger K. Doolittle
Roger K. Doolittle

OF COUNSEL:
ROGER K. DOOLITTLE, ATTORNEY
460 Briarwood Drive, Suite 500
Jackson, Mississippi  39206
(601) 957-9777
rogerkdoolittle@aol.com

/s/ Glen M. Connor
Glen M. Connor
(*pro hac vice Pending*)

OF COUNSEL:
QUINN, CONNOR, WEAVER,
 DAVIES & ROUCO LLP
2 – 20th Street North, Suite 930

7

Birmingham, AL 35203
205/870-9989
gconnor@qcwdr.com


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

OMNOVA SOLUTIONS
c/o Registered Agent Corporation Service Company
5760 I-55 North, Suite 150
Jackson, MS 39211

OMNOVA SOLUTIONS CONSOLIDATED PENSION PLAN
c/o Plan Administrator Omnova Solutions Inc.
175 Ghent Road
Fairlawn, OH 44333-3330